**U.S. DISTRICT COURT**
**DISTRICT OF NEW JERSEY- NEWARK VICINAGE**

| | |
|---|---|
| ALENS EVRA, QUADEERA JONES N'TAALIYA BANKS, <br><br>                 Plaintiffs, <br><br> -vs- <br><br> LAW OFFICE OF MICHAEL J. FILIPPIS, LLC and MICHAEL J. FILIPPIS, <br><br>                 Defendants. | Civil Action No. <br><br><br><br> **NOTICE OF REMOVAL** |

**TO:**    Clerk of the Court
         United States District Court for the District of New Jersey
         Martin Luther King Building & U.S. Courthouse
         50 Walnut Street
         Newark, New Jersey 07101

**WITH NOTICE TO:**
         David C. Ricci, Esq.
         Law Office of David C. Ricci, LLC
         51 JFK Parkway, First Floor West
         Short Hills, New Jersey 07078
         Attorney for Plaintiffs

      **PLEASE TAKE NOTICE THAT** Defendants, Law Office of Michael J. Filippis,

LLC and Michael J. Filippis hereby remove to this District Court the state action

currently pending in the Essex County Superior Court of New Jersey under Docket No.

ESX-L-7501-23 pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 descried more fully

below.

## PLEADING

      1.      On or about November 16, 2023, Plaintiffs filed a Complaint in the Superior

Court of New Jersey in and for the County of Essex, entitled <u>Alena Evra, Quadeera Jones,</u>

<u>N'Taaliya Banks v. Law Office of Michael J. Filippis, LLC and Michael J. Filippis,</u> under

Docket No ESX-L-7501-23.  A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2.       In the Complaint, Plaintiffs allege claims against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"). (Exhibit A).

3.       In the Complaint, Plaintiffs allege Defendants were retained to collect from Plaintiffs "an alleged outstanding debt resulting from" a "tenancy and eviction." (Exhibit A, ¶42).

4.       Plaintiffs further allege the Defendants, on March 29, 2023, mailed to each of them a collection notice which they say was the initial communication in an attempt to collect a debt. (Exhibit A, ¶43-45).

5.       Plaintiffs allege the March 29, 2023 communication would deceive the least sophisticated debtors.  (Exhibit A, ¶49 and 51).

6.       Plaintiffs claim in an attempt to collect the debt, Defendants filed a complaint ("Collection Complaint") against Plaintiffs in the Superior Court of New Jersey, Essex County, Special Civil Part, entitled  Quimin Wu v. Quadeera Jones, et.al., ESX-DC-6450-4118-22. (Exhibit A, ¶66).

7.       Plaintiffs allege the Collection Complaint falsely represents the amount of unpaid rent and additional charges. (Exhibit A, ¶71).

8.       Plaintiffs allege the Collection Complaint falsely represent that Mr. Wu was entitled to $1,563.31 for attorney's fees.  (Exhibit A, ¶74-77).

9.       Plaintiffs allege they each suffered actual damages as a result of the Defendants alleged failure to comply with the provisions of the FDCPA. (Exhibit A, ¶81).

10.     Plaintiffs allege they each suffered a "legal injury" based upon Defendants alleged failure to comply with the provisions of the FDCPA.  (Exhibit A, ¶84).

11.     Plaintiff alleges in the one count Complaint that Defendants violated the Fair Debt Collection Practice Act in seeking to collect the balance due.

12.     In Plaintiff's demand for relief, Plaintiff seeks, among other things, actual damages and for maximum statutory damages under the FDCPA (Exhibit A).

### Grounds for Removal – Federal Question

13.     This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441. This action for monetary damages could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 which provides that federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. Indeed, 28 U.S.C. § 1441(a) permits a defendant to remove a civil action filed in state court to federal court if the action could have been brought in federal court originally. See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 311, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005).

### Pleadings and Process.

14.     As required by 28 U.S.C. § 1446(a), moving Defendants have attached to this Notice of Removal copies of all state court process and pleadings served on them (i.e., the Summonses and Complaint) (Exhibit A).

### Notice Given.

15.     Written notice of the filing of the Notice of Removal will be promptly served on the Plaintiffs' counsel, David C. Ricci, Esq. and a copy will be promptly filed with the Clerk of the Superior Court of Essex County, New Jersey, pursuant to 28 U.S.C.

§ 1446(d).  A true and accurate copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

### Removal is Timely Filed.

16.     Defendants removal is timely under 28 U.S.C. §1446(b) as it is being filed within 30 days of receipt by Defendants, through service or otherwise, of a copy of the pleading from which it may be ascertained that the case is removable.  An Affidavit of Service of the Summons and Complaint was filed on or about December 8, 2023, setting forth that service was made on December 7 2023.  A true and accurate copy of the Affidavit of Service of the Summons and Complaint is attached hereto as Exhibit C.

### Venue.

17.     Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Superior Court of Essex County, New Jersey, which is included in the District of New Jersey, Newark Vicinage.

### Non-Waiver of Defenses.

18.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or opposition to any attempt to certify a class in this or any other case.

**ACCORDINGLY**, because this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Law Offices of Michael J. Filippis, LLC

and Michael J. Filippis hereby remove this action from the  Superior Court of New Jersey,

Essex County, to this Court.

/s/Jeffrey S. Leonard, Esq.
Jeffrey S. Leonard, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH, L.L.P**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 792-8740
E-mail:  jeffrey.leonard@lewisbrisbois.com
Attorneys for Defendants
Law Office of Michael J. Filippis, LLC and
Michael J. Filippis

Dated:  January 3, 2024

# EXHIBIT A

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627   Fax: 973-206-6955
Email: dricci@NJConsumerLawyer.com
*Attorney for Plaintiffs*

| | |
|---|---|
| Alens Evra, Quadeera Jones, N'taaliya Banks, Plaintiffs, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY - LAW DIVISION |
| vs. | CIVIL ACTION |
| Law Office of Michael J. Filippis, LLC and Michael J. Filippis, Defendants. | DOCKET NO. ESX-L-7501-23 |
| | **SUMMONS TO LAW OFFICE OF MICHAEL J. FILIPPIS, LLC** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/ 10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may

obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


Dated: November 27, 2023                                  *s/Michelle M. Smith, Esq.*
                                                          Clerk of the Superior Court


Name and Address of Defendant to be Served:
**LAW OFFICE OF MICHAEL J. FILIPPIS, LLC**
276 Broad Street, Ste 1
Bloomfield, NJ 07003

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627; Fax: 973-206-6955
email: dricci@NJConsumerLawyer.com
*Attorney for the Plaintiff*

| | |
|---|---|
| Alens Evra, Quadeera Jones, N'taaliya Banks,,<br>Plaintiffs,<br><br>vs.<br><br>Law Office of Michael J. Filippis, LLC and<br>Michael J. Filippis<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. ESX-L-_____-23<br><br>**COMPLAINT AND JURY DEMAND** |

## NATURE OF ACTION

1. This action stems from the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

## PARTIES

2. Plaintiff Alens Evra is a natural person.

3. Plaintiff Quadeera Jones is a natural person.

4. Plaintiff Ntaaliya Banks is a natural person.

5. Plaintiffs Alens Evra, Quadeera Jones, N'taaliya Banks shall be hereinafter collectively referred to as "Plaintiffs" or "Tenants."

6. Defendant Law Office of Michael J. Filippis, LLC, is a law firm whose main business office is located at 276 Broad Street, Suite 1, Bloomfield, New Jersey 07003.

7. Defendant Michael J. Filippis, Esq., is an attorney and principal of Defendant Law Office of Michael J. Filippis, LLC.

8. Defendants Law Office of Michael J. Filippis, LLC and Michael J. Filippis, Esq. shall be hereinafter collectively referred to as "Defendants" or "Filippis Law."

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

10.  Venue in this action properly lies in Essex County because Defendant is located there and the conduct at issue took place there.

## **LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS**

11.  The FDCPA simultaneously advances both consumer and business interests by protecting vulnerable consumers while promoting marketplace competition. 15 U.S.C. § 1692(e). Upon finding abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(a).

12.  Congress also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b).

13.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr,* 464 F.3d 450, 453n1 (3d Cir. 2006). "This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.,* 550 F.3d 294, 298 (3d Cir. 2008). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993). Thus, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

14.  Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

15.  "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989). Consequently, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Id.*

16.  The FDCPA creates a private right of action making "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person." 15 U.S.C. § 1692k(a).

17.  Congress conferred a legal injury to any natural person against whom a debt collector failed to comply with a provision of the FDCPA with respect to that person. 15 U.S.C. § 1692k(a).

18. Congress conferred a legal right to statutory damages to any natural person against whom a debt collector failed to comply with a provision of the FDCPA with respect to that person. 15 U.S.C. § 1692k(a)(2).

19. The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins,* 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates,* 396 F.3d 227, 232 (3d Cir. 2005).

20. "A law firm or attorney that regularly files summary dispossess actions for nonpayment of rent is a debt collector under the FDCPA." *Hodges v. Sasil Corp.,* 189 N.J. 210, 234 (N.J. 2007)

## **FACTUAL ALLEGATIONS**

21. At all times relevant, Plaintiffs were residential tenants in a house located at 161 Upland Avenue, Ewing, New Jersey 08638.

22. At all times relevant, Plaintiffs' landlord was Quimin Wu a/k/a Quimin Wu ("Landlord").

23. At all times relevant, Plaintiffs' tenancy was subject to a written lease (the "Lease"). A copy of the Lease is attached as **Exhibit A**.

24. Under the Section titled "Late Charges," the Lease states:

> If Tenant fails to pay the rent in full before the end of the 6th day after it's due, Tenant will be assessed a late charge of $50.00. If Tenant fails to pay the rent in full within the 7th to the end of the 14th day after it's due, Tenant will be assessed a late charge of $100.00. Landlord reserves and in no way waives the right to insist on payment of the rent in full on the date it is due.

25. The Lease does not contain a provision stating that late fees are to be considered rent for purposes of a summary dispossess action.

26. Under the Section titled "Default," the Lease states in part:

> (c) In the event of a default, in addition to the other remedies available to the landlord under this Lease or applicable law, Tenant agree to pay landlord all costs and fees, including attorney's fees, litigation and collection costs that the landlord incur [sic] in enforcing the landlord's rights under this Lease, to the fullest extent to which the landlord is entitled to collect such sums from Tenant under applicable law. If so permitted, such costs shall include a $50.00 Preparation Fee ("Preparation Fee") for the cost of preparing a summons, complaint or other appropriate legal documents, which

may be prepared at any time after Rent becomes due and owing.
The $50.00 Preparation Fee is irrevocable, and is due if Rent is not
paid on time and such other documentation is prepared. The
Preparation Fee must be paid with all other Rent and Other
Charges due in order for the legal action to be terminated.

27. Plaintiffs and the Landlord agreed that the Landlord would charge the tenants no more than
$50.00 to prepare "a summons, complaint or other appropriate legal documents" in the
event that the Landlord filed a complaint against Plaintiffs.

28. The Lease does not contain a provision stating that the $50.00 "Preparation Fee" is to be
considered rent for purposes of a summary dispossess action.

29. Under the Section titled "Court Costs and Attorneys Fees," the Lease states:

In the event that the Landlord shall find it necessary to expend any
monies in legally enforcing any provisions of this lease, including the
collection of rent or other charges due hereunder, Tenant agrees to pay
a reasonable attorney's fee and all expenses and costs incurred thereby,
to the greatest extent allowed by applicable law.

30. The Lease does not contain a provision stating that attorney's fees are to be considered rent
for purposes of a summary dispossess action.

31. The Lease does not contain a provision stating that court costs are to be considered rent for
purposes of a summary dispossess action.

32. The Lease does not contain the statement:

IF THE TENANT IS SUCCESSFUL IN ANY ACTION OR
SUMMARY PROCEEDING ARISING OUT OF THIS LEASE,
THE TENANT SHALL RECOVER ATTORNEY'S FEES OR
EXPENSES, OR BOTH FROM THE LANDLORD TO THE
SAME EXTENT THE LANDLORD IS ENTITLED TO
RECOVER ATTORNEY'S FEES OR EXPENSES, OR BOTH
AS PROVIDED IN THIS LEASE.

Neither the Lease nor any addendum does sets forth the above provision (hereinafter
"Reciprocal Fee Right Provision") in a bold typeface in a font size no less than one point
larger than the point size of the rest of the lease clause or 11 points, whichever is larger.
*See* Tenant Protection Act of 1992 ("TPA"), AT N.J.S.A. 2A:18-61.67

## The Eviction Lawsuit

33. On September 23, 2022, Landlord filed a summary dispossess lawsuit against Tenant (the
"Eviction Lawsuit") in the Mercer County Special Civil Part entitled *Quimin Wu v.
Quadeera Jones, Alens Evra, Imanie Lopez, N'taaliya Banks,* Docket No. MER-LT-4118-

Page 4 of 11

22. Copies of the Summons and Complaint (the "Eviction Complaint") are attached as **Exhibit B.**

34. The Eviction Complaint alleged that $2,850.00 of rent was due, unpaid and owing from the tenants due at the time of filing, comprised of $2,100.00 "base rent" for September, $100.00 "late charge," and $650.00 "attorney fees."

35. Landlord was not allowed to seek late fees or attorney's fees in a summary dispossess action because "late fees" and "attorney's fees" were not designated as "rent" by the Lease.

36. Because the Lease did not contain the mandatory Fee Reciprocity Notice, Tenants were not aware of their right to collect attorney's fees if they prevailed in the Eviction Lawsuit.

37. Because Tenants were not aware of their right to collect attorney's fees if they prevailed in the Eviction Lawsuit, they represented themselves *pro se.*

38. When Landlord filed the Eviction Lawsuit, Tenants were young college students without the financial wherewithal to pay for an attorney to represent them.

39. Had Tenants been aware of their reciprocal right to collect attorney's fees and court costs if they prevailed in the Eviction Lawsuit, they would have retained an attorney to contest, at minimum, the $100.00 late fee and $650.00 attorney fees that Landlord unlawfully added to the alleged rent due.

40. Landlord was represented by a licensed attorney in the Eviction Lawsuit, although not Filippis Law.

41. Without an attorney to represent them, Tenants entered into a one-sided consent order and were eventually evicted.

42. Subsequently, Landlord hired Filippis Law to collect from Plaintiffs an alleged outstanding debt resulting from the tenancy and eviction (hereinafter the "Alleged Debt").

43. On or about March 29, 2023, Filippis Law mailed a collection notice (the "Collection Notice") to each Plaintiff. A copy of the Collection Notice sent to Plaintiff Evra is attached hereto as **Exhibit C.**

44. On or about March 29, 2023, Filippis Law mailed the same Collection Notice to Plainitiffs Jones and Banks.

45. The Collection Notices sent to each Plaintiff were initial communications from Landlord to collect the Alleged Debt.

46. The masthead of the Collection Notices sent to each Tenant stated "Law Office of Michael J. Filippis, LLC, Attorney at Law."

47. The Collection Notices sent to each Tenant were signed by "Michael J. Filippis, Esq."

48. The Collection Notices sent to each Tenant stated "Current Balance Due: $6,774.33."

49. The least sophisticated debtors would be confused and deceived because, without more detail, they would not know how much of the alleged $6,774.33 was directly attributable to the underlying balance allegedly owed to the Landlord and how much was attributable to the Landlord's costs and expenses, such as attorney's fees, late fees, etc.

50. The Collection Notices sent to each Tenant stated in part "Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid."

51. The least sophisticated debtors would be confused and deceived because they would not know that only the debt collector would assume the alleged debt to be valid. Instead the least sophisticated debtor would believe that the Court would assume the alleged debt to be valid.

52. Being indigent, Plaintiff Evra contacted the Trenton office of Central Jersey Legal Services, Inc. ("CJLS") for legal assistance.

53. After meeting with the CJLS representatives, Paralegal Marissa Fisher sent an email on April 28, 2023, to Filippis Law inquiring about the alleged debt.

54. On April 28, 2023, Michael Filippis sent a reply email to Fisher stating the "underlying account balance" was $5,211.02, plus a "reasonable" attorney fee of $1,563.31, comprised of 30% of the $5,211.02 underlying account balance. Filippis attached documentation purportedly providing a breakdown of the $5,211.02 underlying account balance. Copies of the email exchange and the documentation attached to the Fillippis email are attached hereto as **Exhibit D.**

55. Neither the Filippis reply email nor the attached documentation stated that the communication was from a debt collector.

56. In his reply email, Filippis stated that the alleged $5,211.02 underlying account balance plus the alleged $1,563.31 attorney fee bring "the total balance to $6,774.33 as indicated in my recent demand letters sent to your client and the other tenants."

57. In the breakdown Filippis provided for the alleged $5,211.02 underlying account balance, there is a $550.00 fee dated February 6, 2023 described as "Attorney for eviction."

58. The Collection Notices sent to each Tenant falsely represent the amount of the alleged $5,211.02 "unpaid rent and additional charges" because without the Fee Reciprocity Notice in the Lease, Landlord was prohibited from contractual fee-shifting by the TPA.

59. $1,563.31 for "attorney fees" was not due and owing on March 29, 2023, the date that Fillipis Law sent the Collection Notices to each Tenant.

60. The Collection Notices sent to each Tenant falsely represent that Landlord is entitled to $1,563.31 for "attorney fees" because without the Fee Reciprocity Notice in the Lease, Landlord was prohibited from contractual fee-shifting by the TPA.

61. The Collection Notices sent to each Tenant falsely represent that Landlord is entitled to $1,563.31 for "attorney fees" because by assessing attorney's fees at 30% of the alleged $5,211.02 "unpaid rent and additional charges," Landlord is charging attorney's fees on the $550.00 attorney's fees sought for the eviction (fees on top of fees).

62. The Collection Notices sent to each Tenant falsely represent that Landlord is entitled to $1,563.31 for "attorney fees" because Landlord agreed to charge only a $50.00 "Preparation Fee for the cost of preparing a summons, complaint or other appropriate legal documents" in the "Default" Section of the Lease.

63. The Collection Notices sent to each Tenant falsely represent that Landlord is entitled to $1,563.31 for "attorney fees" because the Lease did not entitle Landlord to collect a percentage based recovery of 30% for attorney's fees in the Lease.

64. The least sophisticated debtors would be confused and deceived because they would believe Landlord was entitled to $550.00 for attorney's fees from the eviction proceeding, when the TPA prohibited such fees.

65. The least sophisticated debtors would be confused and deceived because they would believe Landlord was entitled to $1,563.31 for attorney's fees on the date that Fillipis Law sent the Collection Notices to each Tenant.

### The Collection Lawsuit

66. On May 12, 2023, Defendant filed a Lawsuit on behalf of the Landlord against Plaintiffs (the "Collection Lawsuit") in the Essex County Special Civil Part entitled *Quimin Wu v. Quadeera Jones, Alens Evra, Imanie Lopez, N'taaliya Banks,* Docket No. ESX-DC-6450-4118-22. The Essex County Special Civil Part mailed the Summons and Complaint to each Plaintiff shortly after the filing date. Copies of the Summons and Complaint (the "Collection Complaint") are attached as **Exhibit E.**

67. Michael Filippis signed the Collection Complaint as the attorney for the Landlord.

68. The Collection Complaint at ¶¶ 3-4 alleges that Plaintiffs owe Landlord the same $5,211.02 "unpaid rent and additional charges" that Fillipis detailed in his email to the CJLS Paralegal. *See* Exibit D.

69. The Collection Complaint includes as an exhibit the same documentation that Filippis emailed to the CJLS Paralegal.

70. In the breakdown attached as a Collection Complaint exhibit for the alleged $5,211.02 underlying account balance, there is a $550.00 fee dated February 6, 2023 described as "Attorney for eviction."

71. The Collection Complaint falsely represents the amount of the alleged $5,211.02 "unpaid rent and additional charges" because without the Fee Reciprocity Notice in the Lease, Landlord was prohibited from contractual fee-shifting by the TPA.

72. The Collection Complaint at ¶5 alleges that Plaintiffs owe Landlord the same $1,563.31 (30% of the alleged $5,211.02 "unpaid rent and additional charges") that Fillipis detailed in his email to the CJLS Paralegal. *See* Exibit D.

73. $1,563.31 for "attorney fees" was not due and owing on May 12, 2023, the date that Fillipis Law filed the Collection Complaint on behalf of Landlord.

74. The Collection Complaint falsely represents that Landlord is entitled to $1,563.31 for "attorney fees" because without the Fee Reciprocity Notice in the Lease, Landlord was prohibited from contractual fee-shifting by the TPA.

75. The Collection Complaint falsely represents that Landlord is entitled to $1,563.31 for "attorney fees" because by assessing attorney's fees at 30% of the alleged $5,211.02 "unpaid rent and additional charges," Landlord is charging attorney's fees on the $550.00 attorney's fees sought for the eviction (fees on top of fees).

76. The Collection Complaint falsely represents that Landlord is entitled to $1,563.31 for "attorney fees" because Landlord agreed to charge only a $50.00 "Preparation Fee for the cost of preparing a summons, complaint or other appropriate legal documents" in the "Default" Section of the Lease.

77. The Collection Complaint falsely represents that Landlord is entitled to $1,563.31 for "attorney fees" because the Lease did not entitle Landlord to collect a percentage based recovery of 30% for attorney's fees in the Lease.

78. The least sophisticated debtors would be confused and deceived because they would believe Landlord was entitled to $550.00 for attorney's fees from the eviction proceeding, when the TPA prohibited such fees.

79. The least sophisticated debtors would be confused and deceived because they would believe Landlord was entitled to $1,563.31 for attorney's fees on the date that Fillipis Law filed the Collection Lawsuit.

80. Plaintiffs are of limited financial means.

81. The prospect of the owing excess amounts for attorney's fees caused them to suffer anxiety, stress, and difficulty sleeping.

82. The Collection Notices and the Collection Complaint that Filippis Law sent and filed on behalf of Landlord were attempts to collect an alleged debt owed to another.

83. The Collection Notices and the Collection Complaint that Filippis Law sent and filed on behalf of Landlord were attempts to collect an alleged debt owed to another incurred for personal, family or household purposes.

84. Plaintiffs suffered a legal injury when Defendant failed to comply with provisions of the FDCPA.

85. At all times relevant, Filippis Law regularly attempted to collect debts alleged to be owed to another.

86. At all times relevant, Filippis Law regularly attempted to collect debts alleged to be owed to another which were incurred primarily for personal, family or household purposes.

87. At all times relevant, Filippis Law used the mail, telephone, email, or other instruments of interstate commerce in its attempts to collect debts owed or alleged to be owed another.

88. At all times relevant, Filippis Law used the mail, telephone, email, or other instruments of interstate commerce in its attempts to collect debts incurred primarily for personal, family or household purposes owed or alleged to be owed another.

89. At all times relevant, the principal business engaged in by Filippis Law was the collection of debts which were incurred primarily for personal, family or household purposes.

90. The debts alleged to be owed by Plaintiffs were allegedly incurred primarily for personal, family or household purposes.

91. Filippis Law knew or should have known that the above-mentioned acts or failures to act did not comply with the FDCPA.

92. Filippis Law could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## FIRST COUNT
### Violations of the FDCPA

93. Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

94. Filippis Law is a "debt collector" within the scope of the definition contained in 15 U.S.C. §1692a(6) and interpretations thereof.

95. Plaintiffs are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

96. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

97. The Collection Notices Fillipis Law sent to each Plaintiff was an attempt to collect a consumer debt from Plaintiffs.

98. The Collection Notices Fillipis Law sent to each Plaintiff was an initial communication attempting to collect a consumer debt from Plaintiffs.

99. The Collection Lawsuit and Collection Complaint are an attempt to collect a consumer debt from Plaintiffs.

100. The debts alleged to be owed by the Plaintiffs are consumer debts as defined by the FDCPA.

101. Filippis Law violated the FDCPA in connection with their collection attempts against Plaintiffs.

102. The Landlord was prohibited from seeking attorneys' fees from Plaintiffs because the Lease did not contain the Fee Reciprocity Notice in a bold typeface in a font size no less than one point larger than the point size of the rest of the lease clause or 11 points, whichever is larger. *See* Tenant Protection Act, at N.J.S.A. 2A:18-61.67.

103. The Landlord was prohibited from seeking attorneys' fees in excess of $50.00 at the time the Fillipis Law sent the Collection Notices to each Plaintiff and filed the Collection Lawsuit because the Landlord and Plaintiffs had agreed to a $50.00 limit "for the cost of preparing a summons, complaint or other appropriate legal documents" in the Lease.

104. Defendants violated the FDCPA at 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f, in connection with their collection attempts against Plaintiffs by mailing the Collection Notice and filing the Collection Lawsuit and Collection Complaint that included without limitation any of the following statements or circumstances:

   a) By sending the Collection Notice and filing the Collection Complaint seeking to collect an alleged debt that falsely represented the amount allegedly owed to the Landlord at the time the notice was send or the complaint was filed, Defendants made false or misleading representations of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1);

   b) By sending the Collection Notice and filing the Collection Complaint seeking to collect an alleged debt that falsely represented the amount of attorney's fees allegedly owed to the Landlord at the time the notice was sent or the complaint was filed, Defendants made false or misleading representations of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1);

   c) By sending the Collection Notice without itemizing the alleged $6,774.33 "Current Balance Due", Defendants made false or misleading representations of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1);

105. Defendants violated the FDCPA at 15 U.S.C. § 1692g(a)(3), and 15 U.S.C. § 1692f, in connection with their collection attempts against Plaintiffs by mailing the Collection Notice, an initial notice subject to the disclosures mandated at 15 U.S.C. § 1692g, by stating that if the consumer does not dispute the validity of the debt, the debt would be assumed to be valid generally, rather than assumed to be valid by the debt collector.

106. With respect to Plaintiff Evra only, Defendants violated the FDCPA at 15 U.S.C. § 1692e(11), by failing to include notice in the email sent to the CJLS Paralegal that the communication was from a debt collector.

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

a. For actual damages;
b. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692, *et seq.*) and all other applicable statutes;
c. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;
d. For pre-judgment and/or post-judgment interest; and
e. For such other and further relief as Plaintiffs may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, David C. Ricci, Esq., are hereby designated as trial counsel for the Plaintiffs in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, except that the Landlord Quimin Wu filed a complaint to collect alleged amounts owed under Docket No. ESX-DC-6450-23. I further certify that I know of no party who should be joined in the action at this time.

Dated: November 17, 2023
                                      *s/David C. Ricci*
                                      David C. Ricci, Esq.
                                      *Attorney for Plaintiffs*

# EXHIBIT  B

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Jeffrey S. Leonard, Esq. (038851993)
One Riverfront Plaza
Suite 800
Newark, N.J. 07102
Tel:  (973) 577-6260
Jeffrey.Leonard@lewisbrisbois.com
LBBS File No. 47900-175
Attorneys for Defendants, Law Office of Michael J. Filippis, LLC and Michael J. Filippis, Esq.

| | |
|---|---|
| ALENS EVRA, QUADEERA JONES, N'TAALIYA BANKS,<br><br>     Plaintiffs,<br><br>-vs-<br><br>LAW OFFICE OF MICHAEL J. FILIPPIS, LLC and MICHAEL J. FILIPPIS,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY: LAW DIVISION<br><br>DOCKET NO.:  ESX-L-7501-23<br><br>Civil Action<br><br>**NOTICE OF FILING OF  NOTICE OF REMOVAL** |

   **PLEASE TAKE NOTICE**  that on January 3, 2024, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1446(b), Defendants Law Office of Michael J. Filippis, LLC and Michael J. Filippiis, by and through their undersigned counsel, filed a Notice of Removal of this action with the Clerk of the United States District Court for the District of New Jersey.  A copy of the Notice of Removal is attached as **Exhibit A**.

      **LEWIS, BRISBOIS, BISGAARD & SMITH LLP**

     BY: _____/s/ Jeffrey S. Leonard_____
       Jeffrey S. Leonard
       Attorney for Defendants

Dated: January 3, 2024

133609655.1

# EXHIBIT  C

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627    Fax: 973-206-6955
Email: dricci@NJConsumerLawyer.com
*Attorney for Plaintiffs*

|  |  |
|---|---|
| Alens Evra, Quadeera Jones, N'taaliya Banks, Plaintiffs, <br><br> vs. <br><br> Law Office of Michael J. Filippis, LLC and Michael J. Filippis, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> ESSEX COUNTY - LAW DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO. ESX-L-7501-23 <br><br> **CERTIFICATION OF SERVICE AS TO DEFENDANT LAW OFFICE OF MICHAEL J. FILIPPIS** |

I, David C. Ricci, of full age, do hereby certify in lieu of affidavit to the following:

1.    I have personal knowledge of the facts stated herein.

2.    On December 7, 2023, at 2:24 p.m., I served the following papers on Defendant Law Office of Michael J. Filippis, LLC: Summons, Complaint, Exhibits, CIS, and Track Assignment.

3.    The location of service was 276 Broad Street, Ste 1, Bloomfield, NJ 07003.

4.    I successfully completed service by leaving a copy of the papers with a person authorized to accept service on behalf who identified himself as Michael J. Filippis.

5.    His description is: white male, black hair, balding, approximately 5'9" and 185 lbs.

    I certify that the foregoing statements are true to the best of my knowledge, information and belief and that if any of the foregoing is willfully false I am subject to punishment.

Dated: December 8, 2023          By:  _David P. Ricci_____

                              David C. Ricci

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627   Fax: 973-206-6955
Email: dricci@NJConsumerLawyer.com
*Attorney for Plaintiffs*

|  |  |
|---|---|
| Alens Evra, Quadeera Jones, N'taaliya Banks, Plaintiffs, <br><br> vs. <br><br> Law Office of Michael J. Filippis, LLC and Michael J. Filippis, Defendants. | SUPERIOR COURT OF NEW JERSEY ESX COUNTY - LAW DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO. ESX-L-7501-23 <br><br> **CERTIFICATION OF SERVICE AS TO DEFENDANT MICHAEL J. FILIPPIS** |

I, David C. Ricci, of full age, do hereby certify in lieu of affidavit to the following:

6.     I have personal knowledge of the facts stated herein.

7.     On December 7, 2023, at 2:24 p.m., I served the following papers on Defendant Michael J. Filippis: Summons, Complaint, Exhibits, CIS, and Track Assignment.

8.     The location of service was 276 Broad Street, Ste 1, Bloomfield, NJ 07003.

9.     I successfully completed service by leaving a copy of the papers with a person authorized to accept service on behalf who identified himself as Michael J. Filippis.

10.     His description is: white male, black hair, balding, approximately 5'9" and 185 lbs.

I certify that the foregoing statements are true to the best of my knowledge, information and belief and that if any of the foregoing is willfully false I am subject to punishment.

Dated: December 8, 2023        By: _David P. Ricci_____

                                   David C. Ricci